IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01979-MSK-MEH

JAMES R. DUNCAN,

    Plaintiff,

v.

LIEUTENANT MAGELESSEN, and
CAPTAIN WATTS,

    Defendants.

## ORDER GRANTING, IN PART, MOTION TO DISMISS

THIS MATTER comes before the Court on the Defendants' Motion to Dismiss **(#16)**, to which the Plaintiff responded **(#17)**.[1] Having considered the same,[2] the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Background

The Plaintiff, James R. Duncan, appears *pro se*. In accordance with *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court construes his Complaint and other filings liberally, but does not serve as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1] The Plaintiff entitled his response "Motion not to Dismiss Complaint." The Court construes such document as a response, not a motion.

[2] The record also shows a number of additional pending motions seeking discovery **(#4, #5, #6, #7, #8)**. All such motions became moot when the Magistrate Judge held a scheduling conference pursuant to Fed. R. Civ. P. 16 and set deadlines for discovery **(#21)**. Therefore they are denied.

Mr. Duncan is an inmate in the custody of the Colorado Department of Corrections, and at all times pertinent to this action was housed at the Sterling Correctional Facility. In his Complaint **(#3)**, Mr. Duncan asserts claims against Lieutenant Magelssen[3] and Captain Watts under 42 U.S.C. § 1983. He alleges that his Eighth and Fourteenth Amendment rights to due process, to be free from cruel and unusual punishment, and to be free from deliberate indifference have been violated. He also purports to seek a writ of habeas corpus, however, he only challenges the conditions of his confinement rather than his conviction or sentence. Thus, the Court does not view the Complaint as seeking any habeas relief.

Mr. Duncan alleges that Mr. Magelssen sexually molested him during pat-down searches by playing with his penis more than 8 times over a 7-month period, and destroyed evidence of videotapes which showed this occurred. He also alleges that he reported Mr. Magelssen's conduct to other prison staff, including Mr. Watts, who deliberately and indifferently failed to take action. He also alleges that Mr. Watts retaliated against him for his reports against Mr. Magelssen by placing him in segregation, charging him with disciplinary violations for making false accusations against Mr. Magelssen, and searching his cell. He further claims that he was denied a fair hearing on the disciplinary charges, and that the videotapes were destroyed in violation of his right to due process. He seeks "compensatory" relief and a pardon from the Colorado Governor for his underlying criminal conviction.

Mr. Magelssen and Mr. Watts move to dismiss Mr. Duncan's claims under Fed. R. Civ. P. 12(b)(6), and claim entitlement to qualified immunity. Mr. Duncan opposes their motion.

---

[3] This is the correct spelling of Defendant Magelssen's name, and the caption shall be amended to reflect the proper spelling.

2

### III. Issue Presented

The issue presented is whether Mr. Duncan has stated any claims for relief pursuant to Fed. R. Civ. P. 12(b)(6), and if so, whether Mr. Magelssen and Mr. Watts are entitled to qualified immunity.

### IV. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted. There is a strong presumption against the dismissal of claims under this rule. *See Cottrell, Ltd. v. Biotrol Intern., Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). The Court accepts all well-pleaded allegations in a complaint as true and construes them in the light most favorable to the plaintiff. *See Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991). A plaintiff is not required to include detailed factual allegations in a complaint, but a complaint must contain "more than labels and conclusions" and must consist of more than "a formulaic recitation of the cause of action[.]" *See Bell Atlantic Corp. v. Twombly*, _ U.S. _, 127 S. Ct. 1955, 1964-65 (2007). Rather, it must contain factual allegations which are "enough to raise a right to relief above the speculative level[.]" *Id.*

### V. Analysis

**A. Eighth Amendment Claim Against Mr. Magelssen**

The Eighth Amendment, which prohibits cruel and unusual punishment, requires that an inmate be provided humane conditions of confinement, including reasonable safety from serious bodily harm. *Tafoya v. Salazar,* 516 F.3d 912, 916 (10th Cir. 2008). To state an Eighth Amendment claim against Mr. Magelssen, Mr. Duncan must allege that: (1) Mr. Magelssen denied him reasonable safety from sufficiently serious bodily harm; and (2) Mr. Magelssen acted with deliberate indifference to Mr. Duncan's rights. *Id.* at 916.

Mr. Magelssen contends that Mr. Duncan has failed to state an Eighth Amendment claim against him because there is no allegation that Mr. Magelssen did anything more than briefly touch Mr. Duncan's penis during routine pat down searches, and because the Complaint shows that Mr. Duncan received a disciplinary conviction for falsely reporting any molestation. Mr. Duncan responds that Mr. Magelssen sexually assaulted him and that this is sufficient to state an Eighth Amendment claim, notwithstanding the outcome of the prison disciplinary proceeding.

Mr. Duncan has alleged that Mr. Magelssen did more than simply touch his penis, and instead "played" with it. This is sufficient to state an Eighth Amendment claim. The outcome of the disciplinary proceeding is not dispositive, and indeed, the state court which affirmed the disciplinary conviction expressly noted that it could not address any alleged Eighth Amendment violations in its limited review of the administrative determination.

Mr. Magelssen claims that he is entitled to qualified immunity on this Eighth Amendment claim. Government officials are entitled to qualified immunity from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person in their position would have known. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Qualified immunity also offers protection from trial and other burdens of litigation. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *see also Jones v. Hunt*, 410 F.3d 1221, 1225 (10th Cir. 2005). The doctrine of qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *See Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1251 (10th Cir. 2003) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Determination of whether a defendant is entitled to qualified immunity in the context of a motion under Fed. R. Civ. P. 12(b)(6) involves a 2-pronged inquiry. A court first determines

whether the plaintiff pled a constitutional violation in his Complaint. *See Denver Justice and Peace Committee, Inc. v. City of Golden,* 405 F.3d 923, 928 (10th Cir. 2005). As discussed *supra*, Mr. Duncan has done so here.

Then a court determines whether the constitutional right was clearly established at the time of the allegedly unlawful conduct. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001)*; Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004). This latter inquiry is made in light of the specific context of the case, not as a broad general proposition. *See Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (quoting *Saucier*). Whether the law was clearly established is essentially a legal question and is measured by an objective standard. *See Crawford-El v. Britton,* 523 U.S. 574, 589-90 (1998).

Although there need not be a factually identical case to demonstrate that the constitutional right was clearly established, there must be a Supreme Court or Tenth Circuit opinion on point, or the right must be supported by the weight of sufficiently analogous authority from other courts. *See Martinez v. Carr,* 479 F.3d 1292, 1295 (10th Cir. 2007). In other words, there must be caselaw in which a constitutional violation was found based upon similar conduct. *See Callahan v. Millard County,* 494 F.3d 891, 903 (10th Cir. 2007), *petition for cert. granted*, 76 U.S.L.W. 3316 (Mar. 24, 2008) (No. 07-751).[4]

Before the alleged incidents of sexual molestation in this case, it was clearly established in the Tenth Circuit that it violates the Eighth Amendment for a prison staff member to subject an inmate to unwanted sexual contact. *See Gonzales v. Martinez,* 403 F.3d 1179 (10th Cir.

---

[4] In *Callahan*, among the issues the parties will address on appeal is whether the decision in *Saucier v. Katz,* 533 U. S. 194 (2001) should be overruled. The other issues presented on appeal are not pertinent to the instant case.

2005); *see also Smith v. Cochran,* 339 F.3d 1205 (10th Cir. 2003). Thus, based upon the pleadings, Mr. Magelssen is not entitled to qualified immunity on this claim.

**B. Eighth Amendment Claim Against Mr. Watts**

The Eighth Amendment claim against Mr. Watts is one of deliberate indifference to Mr. Duncan's safety. To state such a claim, Mr. Duncan must allege that: (1) someone denied him reasonable safety from sufficiently serious bodily harm; and (2) Mr. Watts acted with deliberate indifference to Mr. Duncan's rights. *Tafoya*, 516 F.3d at 916.

Mr. Watts contends that Mr. Duncan has failed to state such a claim because Mr. Watts could properly order Mr. Duncan's assignment to segregation without any hearing. Mr. Duncan responds that Mr. Watts took such action against him because he reported Mr. Magelssen's conduct.

Neither the motion nor the response fully addresses the breadth of Mr. Duncan's claim against Mr. Watts. Mr. Duncan alleges that Mr. Watts knew about the alleged sexual molestation by Mr. Magelssen but failed to take corrective action and instead retaliated against Mr. Duncan for reporting it. This is sufficient to state an Eighth Amendment claim against Mr. Watts. It is also sufficient to state a separate claim for retaliation. *See Smith v. Maschner,* 899 F.2d 940, 947-48 (10th Cir. 1990).

Mr. Watts also claims entitlement to qualified immunity on this claim. The first prong of the qualified immunity analysis is satisfied, because Mr. Duncan has stated an Eighth Amendment claim against Mr. Watts. Thus, the Court turns to the second prong.

At the time of Mr. Watts' alleged conduct, it was clearly established that it violates the Eighth Amendment to be deliberately indifferent to an inmate's safety. *See, e.g., Giron v.*

*Corrections Corp. of America,* 191 F.3d 1281 (10th Cir. 1999). As discussed *supra*, it was also clearly established that it violates the Eighth Amendment for a prison staff member to subject an inmate to unwanted sexual contact. Thus, based upon the pleadings, Mr. Watts is not entitled to qualified immunity.[5]

**C. Due Process Claim**

Mr. Magelssen and Mr. Watts contend that any due process claim which challenges the procedures used during the prison disciplinary proceeding is not properly before this Court, because state courts have affirmed the disciplinary conviction. Mr. Duncan has not responded to this argument.

A plaintiff's claim challenging the procedures used during a prison disciplinary proceeding is not cognizable under 42 U.S.C. § 1983 if a judgment in the plaintiff's favor would imply the invalidity of the prison disciplinary conviction and concomitant loss of good-time credits. *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997).[6] Here, if Mr. Duncan were to prevail on his challenges to the processes used during his prison disciplinary hearing, it would necessarily imply the invalidity of the disciplinary conviction obtained against him. Thus, such

---

[5] It was also clearly established that retaliation against an inmate for exercising his right to make a grievance – as the first step in pursuing legal action – violates the Constitution. *See Smith*, 899 F.2d at 947 (citing cases).

[6] The Court is aware of no published Tenth Circuit caselaw extending *Edwards* to disciplinary convictions of Colorado inmates, but there are several unpublished decisions which have done so, either directly or by implication. *See, e.g., Mariani v. Stommel,* 251 Fed. Appx. 536 (10th Cir. Oct. 16, 2007) (where inmate alleged bias of the hearing officer); *Griffin v. Samu,* 65 Fed. Appx. 659 (10th Cir. Mar. 17, 2003) (where inmate challenged the sufficiency of the evidence to support his disciplinary conviction); *Walker v. Corrections Corp. of America, Inc.,* 18 Fed. Appx. 780 (10th Cir. Sep. 19, 2001) (facts not stated); *Parker v. James,* 15 Fed. Appx. 670 (10th Cir. Jul. 19, 2001) (where inmate claimed that he was denied the right to present evidence at his hearing and to receive a written statement of the evidence relied on by the factfinders).

procedural due process claim must be dismissed.

However, in accordance with its obligation under *Haines v. Kerner* to liberally construe Mr. Duncan's Complaint, the Court also discerns a possible substantive due process claim.[7] Mr. Duncan alleges, for instance, that he was deprived of a fair hearing because Mr. Magelssen destroyed exculpatory evidence in the form of videotapes before the hearing. Neither Mr. Magelssen nor Mr. Watts have made any arguments to dismiss a substantive due process claim. Thus, at this juncture, the Court does not decide whether Mr. Duncan has sufficiently pled such a claim, nor whether either Defendant is entitled to qualified immunity on such claim.

**D. Bar on Compensatory Damages**

Mr. Magelssen and Mr. Watts contend that Mr. Duncan is barred from recovering compensatory damages because he has not alleged any physical injury. Mr. Duncan has not responded to this argument.

Under 42 U.S.C. § 1997e(e), a prisoner cannot recover compensatory relief "for mental or emotional injury suffered while in custody without a prior showing of physical injury." Absent a physical injury, a prisoner can seek to recover punitive and nominal damages. *See Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001).

In his Complaint, Mr. Duncan claims to seek only "compensatory" damages and does not allege any lasting physical injury beyond the unwanted sexual contact. However, unwanted sexual contact, alone, is a physical injury for which there may be compensation. *See Liner v.*

---

[7] There are two types of substantive due process claims. *Seegmiller v. LaVerkin City,* 528 F.3d 762, 767 (10th Cir. 2008). Whereas one type concerns the deprivation of a fundamental liberty interest, the other type involves an arbitrary deprivation of a liberty or property interest which shocks the conscience of federal judges. *Camuglia v. The City of Albuquerque,* 448 F.3d 1214, 1222 (10th Cir. 2006).

8

*Goord,* 196 F.3d 132, 135 (2d Cir. 1999).

      **IT IS THEREFORE ORDERED** that:

(1)     Mr. Duncan's motions for discovery **(#4, #5, #6, #7, #8)** are **DENIED,** as moot.

(2)     Mr. Duncan's "Motion not to Dismiss Complaint" **(#17)** is construed as a response to the motion to dismiss, rather than as a motion.

(3)     The caption shall be amended to reflect the proper spelling of "Magelssen".

(4)     The Motion to Dismiss **(#16)** is **GRANTED** as to Mr. Duncan's procedural due process claim, but **DENIED** in all other respects. The Claims remaining are: (1) Mr. Magelssen violated Mr. Duncan's Eighth Amendment rights by subjecting him to unwanted sexual contact; (2) Mr. Watts was deliberately indifferent to the violation of Mr. Duncan's Eighth Amendment rights by Mr. Magelssen; (3) Mr. Watts retaliated against Mr. Duncan for exercise of his First Amendment right to make a grievance; and (4) Mr. Magelssen and Mr. Watts violated Mr. Duncan's right to substantive due process.

Dated this 15th day of July, 2008

                                        **BY THE COURT:**

                                        Marcia S. Krieger
                                        United States District Judge